**Ronald C. GRUMBKOW,**
**Plaintiff–Appellant,**

v.

**GREENPOINT BANK, Appellee.**

No. 04–1399–CV.

United States Court of Appeals,
Second Circuit.

June 6, 2005.

Ronald C. Grumbkow, Doylestown, PA, for Appellant, pro se.

David Elbaum, Dullen & Dykman Bleakley Platt LLP, New York, NY, for Appellee.

PRESENT: STRAUB, (b)(3)(A)HALL, Circuit Judges, and KAPLAN, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Ronald C. Grumbkow appeals *pro se* from the judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*) dismissing his claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The plaintiff's suit against GreenPoint Bank ("GreenPoint") arises out of foreclosure proceedings in the New York Supreme Court brought after the plaintiff had defaulted on mortgage payments to GreenPoint. The proceedings resulted in the plaintiff being evicted from his home and in the sale of the property to a third party. The plaintiff subsequently brought the current suit. His amended complaint, filed in December 2002, asserts various wrongdoing by GreenPoint, including its alleged use of fraudulent methods in attaining the foreclosure order from the New York Supreme Court. In primary part, the plaintiff seeks return of the property and monetary damages for "defamation of character, judicial harassment and denial of due process."

---

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Upon a motion by the defendant to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), the District Court first found that it lacked jurisdiction because the plaintiff's claims were barred by the *Rooker–Feldman* doctrine. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *see also Hachamovitch v. DeBuono,* 159 F.3d 687 (2d Cir.1998). In applying this doctrine, the District Court concluded that the plaintiff was essentially challenging the result of the New York Supreme Court proceedings and that the relief requested by the plaintiff would effectively require the District Court to vacate the foreclosure order issued by the state court. The District Court also addressed the defendant's Rule 12(b)(6) motion and found that the plaintiff had failed to state a federal claim actionable under 42 U.S.C. § 1983 or a state law claim for defamation.

The District Court's judgment is affirmed for substantially the reasons stated in its opinion. We have considered all of the arguments raised by the plaintiff-appellant and find each of them to be without merit.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.